No. 364
BERNARD v. HALE

Ohio Appeals, 7th Dist., Mahoning County

829. NEGLIGENCE—Where each party to an automobile collision accuses the other of negligence, charge to jury that burden is on plaintiff to show he was without fault contributing to the injury, sustained.

2. Failure of court to define the issues fully not to be complained of when no request is made for further definition.

118. AUTOMOBILES—Measure of damages to cars injured in collision, market value of before injury.

225. CHARGE TO JURY—A subsequent oral explanation by court of its written charge, not to be availed of by party who requested it.

FARR, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

The action below was to recover damages to plaintiff's automobile and for personal injuries. By cross-petition, Hale sought to recover for damages for his automobile and for personal injury to himself. The two machines collided at Niles, where Bernard was driving on Federal street, from Warren to Youngstown and traveled south on Vienna avenue, and Hale was traveling in the opposite direction and turned north on Vienna. Shortly after making the turn, Bernard turned to the left to pass an auto parked near the right curb, and in so doing collided with the Hale car.

The pleadings consisted of the petition and answered consisting of a general denial, the defense of contributory negligence, and a cross-petition for injuries to person and property. The reply was a general denial, and no defense of contributory negligence was alleged in the cross-petition.

The court below gave its charge to the jury in written form, and orally, at the request of the jury, modified and explained the written charge, over the objection and exception of defendant. The jury found for Bernard on Hale's cross-petition and for Hale on Bernard's petition. Error was taken to the Court of Appeals and the Appeals affirmed the Common Pleas, and in so doing held:

In the general charge the court said that the burden is upon the plaintiff to show that he was without any fault; that he was not guilty of any negligence himself, which was a contributing cause to his injury, but on the contrary, that the injury was caused solely and only by the negligence of the defendant, and this he must do by a preponderance of the evidence.

While the instruction as to the burden of proof being on plaintiff was rather strong in its language, it was exactly what the jury would be required to find, providing it found for plaintiff on the cross-petition, and more-over this being an unusual case of negligence and contributing negligence, in view of the fact the cross-petition claimed damages on the same grounds as the petition asked for them. While the charge was rather unusual, it was not sufficiently prejudicial to warrant a reversal of judgments, because the jury would scarcely be misled by it.

Failure of the court to define the issues and that this was discussed argumentatively in connection with "last clear chance" is assigned for error. But a reading of the whole charge discloses that while issues were not fully defined, yet it is disclosed that there was no request by Hale for a further definition of the issues, and he cannot now be heard to complain, in view of the principle announced in State v. McCoy, 80 OS. 447. His general exception to the charge raised only the errors of law in it, and not the question sought to be made. And as to the claim that the court gave the doctrine of "last clear chance" and that such issue was not raised by the pleadings or the evidence, an examination of the charge leads to the conclusion that the doctrine was not given, but simply an instruction as to reasonable care.

The court instructed the jury that the measure of damages would be the market value of the cars before and after the accident. While the rule is different where damages are sought just for repairs, where the action is for damages generally, as in this case, there was no prejudicial injury in this instruction.

A further alleged error of the trial court is its having orally explained the written charge contrary to 11447 GC. While this section refers to written requests to charge, it is sufficient to say in this connection that the court made the explanation at the request of the complaining party, and this contention cannot now avail.

The jury was recalled, after having retired, and a juror inquired in an undertone whether or not, if he did not agree to the verdict, he would be required to sign it, and the court said to him that he would not. This was a very proper instruction. As to misconduct of the bailiff, nothing was disclosed that showed any prejudicial error resulted. As to the claim that the verdict was against the evidence, it is probable that the jury after seeing and hearing the witnesses, came to the conclusion both parties were negligent, but from an examination of the testimony it cannot well be said that the conclusion reached is such that a reviewing court should reverse the judgment.

Attorneys—D. F. Rendinell, for Bernard; Kennedy, Manchester, Conroy & Ford, for Hale.